**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTIAN S. FLORES; MYRNA MORALES; XIOMARA MORALES; MELINDA PARRA; MELINDA PARRA, as Guardian Ad Litem for Vanessa Rodriguez and Chris Flores; ROSARIO MORALES,<br><br>　　　　　Plaintiffs - Appellants,<br><br>　v.<br><br>CITY OF MAYWOOD; CITY OF CUDAHY; PABLO CUNNINGHAM, Sergeant; ROBERT LEACH; BRETT BURNS,<br><br>　　　　　Defendants - Appellees. | No. 09-55046<br><br>D.C. No. 2:04-cv-07565-PA-E<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted June 8, 2010
Pasadena, California

---

　　　* 　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Before: KOZINSKI, Chief Judge, RAWLINSON, Circuit Judge, and MARBLEY, District Judge.[**]

The police officers could reasonably have believed there was probable cause that Christian Flores (Flores) and Myrna Morales (Myrna) had committed or were committing criminal offenses at the time of their arrests, and that exigencies existed due to concerns for officer safety and the safety of others. *See United States v. Quinn*, 18 F.3d 1461, 1464 (9th Cir. 1994); *United States v. Al-Azzawy*, 784 F.2d 890, 894 (9th Cir. 1986).

They could have also reasonably believed that probable cause and exigent circumstances existed to search appellants' home. Flores exited the home without the gun he was thought to have taken inside. The officers therefore had probable cause to search the house for that gun, which they reasonably believed was evidence of a crime and still inside. *See United States v. Alaimalo*, 313 F.3d 1188, 1193 (9th Cir. 2002) (noting that "the securing of a residence" is proper where there is a "fair probability that . . . evidence of a crime would be found inside") (citation omitted). And the officers could reasonably have feared someone still inside the house might use the gun to shoot at them. This fear for their safety constituted the exigent circumstances that were also needed to justify the officers'

---

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

2

warrantless search of the home. *See Al-Azzawy*, 784 F.2d at 894 (defining exigent circumstances as "those in which a substantial risk of harm to the persons involved or to the law enforcement process would arise if the police were to delay a search [or arrest] until a warrant could be obtained") (citation omitted).

Because the search was supported by probable cause and exigent circumstances, the officers' detention of the remaining appellants was reasonable and did not constitute an arrest. *See Sanchez v. Canales*, 574 F.3d 1169, 1173 (9th Cir. 2009).

None of the remaining issues raised on appeal have merit.

**AFFIRMED.**

**ALGENON L. MARBLEY, District Judge, dissenting.** I respectfully dissent. I agree with the majority that probable cause existed to believe that Flores was the suspect who ran into the house with the gun. The officers, however, did not have probable cause to enter the home after their suspect, Flores, had exited the home, was arrested, detained, and secured. Under the Fourth Amendment, police officers need probable cause and exigent circumstances before making a warrantless entry into a home. *Bailey v. Newland,* 263 F.3d 1022, 1032 (9th Cir. 2001) ("It is clearly established Federal law that the warrantless search of a dwelling must be supported by probable cause and exigent circumstances."); *United States v. Al-Azzawy*, 784 F.2d 890, 894 (9th Cir. 1986) ("Probable cause alone will not support a warrantless search or arrest in a residence, however, unless some exception to the warrant requirement is also present."). Once Flores was arrested, the police officers should have obtained a warrant before searching the home. *United States v. Lemus,* 596 F.3d 512, 514 (9th Cir. 2010) (Kozinski, J., dissenting from denial of reh'g en banc) ("If the police surround a suspect's home, guns drawn, and order him out-and he complies-may the police go rummaging through his home without suspicion because the suspect was arrested when he was inside? Surely not."); *see also Frunz v. City of Tacoma*, 468 F.3d 1141, 1146 (9th Cir. 2006). Here, because there was

No. 09-55046
*Flores v. City of Maywood*

no probable cause, the search was unlawful.